Eastern District of Kentucky
FILED
JUN 3 0 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 03-298-KSF

DAVID CANTRELL and GEORGIA CANTRELL        PLAINTIFFS
GEORGIA CANTRELL

V.

MARATHON ASHLAND PIPE LINE, LLC            DEFENDANT

## OPINION AND ORDER

\* \* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the defendant's motion for partial summary judgment [DE # 55]. The plaintiffs having filed a response and the defendant having filed a reply, this matter is ripe for review.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2000, an oil spill occurred affecting the plaintiffs' farmland. The oil spill came from an oil pipeline that is owned by Marathon Ashland Pipe Line LLC, and runs near the plaintiffs' farm. The defendant initiated a cleanup and provided the plaintiffs, and other Clark County residents affected by the spill, with clean water and other provisions.

The plaintiffs filed a Complaint alleging damages to their land, and the action was removed to this Court. The plaintiffs have since filed a Second Amended Complaint. On December 14, 2004, Magistrate Judge Todd conducted a hearing in this action.

During this hearing, the parties discussed a new event that occurred on November 10, 2004. On this day, the plaintiff found a significant amount of a substance which he believes to

be oil while he was tearing down the bridge to the front of his farm. When addressing this event during the hearing, the plaintiffs expressed the necessity of filing a new complaint or an amended complaint. Magistrate Judge Todd referred these issues to the Court and entered an Amended Scheduling Order which extended deadlines for expert reports, pretrial discovery, and amendments to pleadings and dispositive motions. On November 18, 2004, the plaintiffs filed a Second Amended Complaint, which the defendant answered.

On January 6, 2004, the plaintiffs filed a Motion to File Third Amended Complaint. By Order entered on March 25, 2005, this Court denied the plaintiffs' motion for leave to file the amended facts. Subsequently the defendant filed the current motion for partial summary judgment.

## II.    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In its motion for partial summary judgment, the defendant claims that the impact on the plaintiffs' property ended long ago, and therefore is not permanent, making their claims for permanent trespass and permanent nuisance invalid. In addition, the defendant rejects the plaintiffs' claims for strict liability. Arguing that the transmission of oil through pipelines is not an ultra hazardous activity, the defendants claim that strict liability is not appropriate in this action. The defendants also argue that the nuisance per se, trespass per se, and negligence per se/gross negligence per se claims should be dismissed. In its motion, the defendant addresses the statutes relied upon by the plaintiffs and argue that the statutes do not provide an express cause of action. The final claims disputed by the defendant are the plaintiffs' claims for emotional distress and punitive damages. The defendant contends that the plaintiffs cannot prove intentional or reckless actions, nor that their distress was severe, and therefore are not entitled to

2

damages for emotional distress or further punitive damages.

The defendant does not dispute that oil from the pipeline reached the plaintiffs' property, so they do not move for summary judgment on the claim of res ipsa loquitur. Furthermore, the defendants acknowledge that there are viable temporary trespass and nuisance claims. For these reasons, the defendants move the Court to grant them partial summary judgment.

A.  **Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343.

3

"The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

**B.    Analysis**

The defendant in this action contends that it has paid for the cleanup of this leak and for everything else that the plaintiffs have requested. The plaintiffs do not refute this. The defendant states that since it has paid for the cleanup of the leak, there is no evidence that the property has been permanently damaged, and the cost of repair to the plaintiffs has been minimal. Therefore, the permanent trespass claim is not valid. Similarly, the permanent nuisance claim cannot remain because the plaintiffs cannot show that conditions on their property cannot be abated at a "reasonable expense" to them. KRS § 411.530(1)(a). "A permanent nuisance shall be any private nuisance that: (a) cannot be corrected or abated at reasonable expense to the owner; and (b) is relatively enduring and not likely to be abated voluntarily or by court order." KRS § 411.530(1).

The plaintiffs claim that their trespass claims are based on the theory of negligent trespass. Kentucky has adopted §520 of the *Restatement (Second) of Torts*. Under section 520, three elements are required for negligent trespass: (1) the defendant must have breached its duty of due care; (2) the defendant caused a thing to enter the land of the plaintiff; and (3) the thing's presence causes harm to the land. The Court agrees that a claim for permanent trespass is not appropriate in this case because of the efforts of the defendant to alleviate any problems that the

4

plaintiffs have encountered. However, a claim for negligent trespass would be a valid question for the jury. As for the claim of strict liability regarding this oil leak, no Kentucky case has extended strict liability to the transmission of oil through pipelines. According to § 519 of the *Restatement*, there must be proof of harm to the land before strict liability can be imposed. Smith v. Carbide and Chemicals Corporation, 298 F.Supp.2d 561, 573 (W.D.Ky. 2004). That proof has not been offered in the present action. Therefore, the strict liability claim in this action is not valid.

The defendant requests summary judgment on the plaintiffs' claims of nuisance per se, trespass per se, negligence per se and/or gross negligence per se. However, Kentucky law does not recognize claims of trespass or gross negligence per se. Therefore, summary judgment shall be granted as to those claims. As for the claims of nuisance per se and negligence per se, the plaintiffs address KRS §§224.01-405, 446.070. Neither of these statutes provide the plaintiffs with any cause of action for a violation. Furthermore, KRS § 224.01-405 sets out "corrective action" to be taken. From the pleadings, it seems that the defendants have taken steps toward taking corrective action, such as providing the plaintiffs with everything they have requested, working to clean up the spill and monitoring the land, therefore abiding by the statute.

As for the plaintiffs' claims for personal injury, the plaintiffs concede that summary judgment is appropriate.

## III. CONCLULSION

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

(1) the defendant's motion for partial summary judgment [DE #55], is **GRANTED IN PART AND DENIED IN PART**;

5

(2)  summary judgment is GRANTED in favor of the defendant on the claims of permanent trespass, permanent nuisance, strict liability, nuisance per se, trespass per se, negligence and/or gross negligence per se, and emotional distress;

(3)  summary judgment is DENIED on the claims of temporary trespass, and temporary nuisance, negligence and res ipsa loquitur.

This 30th day of June, 2005.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE